**United States Court of Appeals**
**for the First Circuit**
**John Joseph Moakley U.S. Courthouse**
1 Courthouse Way, Suite 2500
Boston, MA 02210

Fax: 617-748-9056

**Email:** FirstCircuitCourtOfAppeals@ca1.uscourts.gov

Address

**Krishna Gidwani,**
Appellant,

v.

**United States of America,**
Appellee.

US COURT OF APPEALS
FOR THE FIRST CIRCUIT
2026 FEB 26 P 1: 53
RECEIVED FOR FILING
IN CLERK'S OFFICE

**Case No. 1:25-cr-10277-PBS-1 (D. Mass.)**

## OPENING BRIEF / PETITION FOR APPEAL

### I. Introduction

Appellant Krishna Gidwani respectfully submits this appeal of his sentencing in the United States District Court for the District of Massachusetts (Case No. 1:25-cr-10277-PBS-1). The appellant seeks review of the **30-month prison sentence and $3,000,000 restitution order** imposed on December 11, 2025. Appellant asserts that material issues regarding representation, mischaracterization of financial participation, and mitigating circumstances were **not properly presented or considered**, resulting in an excessive sentence.

### II. Statement of Jurisdiction

The Court of Appeals has jurisdiction pursuant to **28 U.S.C. § 1291** and **18 U.S.C. § 3742**, as this appeal concerns the sentencing imposed by the District Court.

### III. Issues Presented

1. Whether Appellant's sentence and restitution were excessive or improperly calculated due to misrepresentation of his financial participation in the underlying Medicare fraud scheme.

2. Whether Appellant received constitutionally inadequate assistance of counsel at sentencing.

3. Whether the District Court failed to adequately consider mitigating circumstances, including Appellant's first-offender status, mental health, and family responsibilities.

4. Whether the District Court erred by failing to consider Raju Sharma, the primary perpetrator, whose actions were central to the scheme and who has been separately charged (United States v. Sharma, 1:25-cr-10191).

### IV. Statement of the Case / Background

1. **Professional Background**: Appellant is a licensed Orthofitter, having worked for 17 years alongside his father in durable medical equipment services.

2. **Business Formation and Scheme**: In April 2023, Appellant incorporated **Blue Hill Medical Supply** with Raju Sharma as "Executive Manager." Appellant acted as President and owner; Raju Sharma managed cash flow, marketing, purchasing, and collections and had signature authority on bank accounts.

3. **Medicare Suspension and Fraud Discovery**: Medicare suspended Blue Hill Medical Supply in April 2024. Raju Sharma instructed Appellant to sign refund checks. In June 2024, the FBI determined that Raju Sharma and his marketing partner had created **fraudulent prescriptions** without physician knowledge. Appellant had no knowledge or participation in these fraudulent actions.

4. **Legal Proceedings**: Appellant retained counsel, who advised a guilty plea. Appellant complied, following the legal advice received. He was sentenced to **30 months in federal prison and $3,000,000 restitution.**

### V. Argument

### A. Mischaracterization of Appellant's Financial Participation

- Appellant was **not a major beneficiary** of the fraudulent scheme.

- Total compensation to Appellant: $50,000–$86,493.20

- Raju Sharma withdrew over **$2,850,861.90** for personal use, marketing, and other expenditures.

- Office expenses (rent, wages, travel, auto): $313,093.20

- Counsel **failed to present these facts** to the court or challenge the financial mischaracterization.

## B. Ineffective Assistance of Counsel

- Counsel misrepresented Appellant's share of profits, there were not "profits"

- No due diligence or accounting was conducted by counsel.

- Counsel failed to depose or call Raju Sharma, the true principal actor, as a witness.

- These errors **prejudiced the sentence and restitution calculation**, constituting ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984).

## C. Failure to Consider Mitigating Circumstances

- Appellant is a **first-time offender**.

- Appellant's father (83) has Parkinson's and heart disease; his companion has stage 4 lung cancer. Appellant's support is critical for their care.

- Appellant has ADHD and requires structured support.

- Compassionate or reduced sentencing should have been considered pursuant to 18 U.S.C. § 3553(a) factors.

## D. Responsibility Lies Primarily with Raju Sharma

- Raju Sharma orchestrated the fraudulent scheme and is separately charged with **$18 million Medicare fraud** (United States v. Sharma, 1:25-cr-10191).

- The District Court did not adequately distinguish Appellant's limited role from Sharma's central role.

---

## VI. Requested Relief

Appellant respectfully requests that this Court:

1. Review and **reduce restitution** to a manageable level based on actual participation.

2. Consider **resentencing or probation** in light of mitigating circumstances and first-offender status.

3. Recognize that Appellant's role was secondary and that primary responsibility rests with Raju Sharma.

4. Grant any other relief deemed just and proper.

## VII. Conclusion

For the foregoing reasons, Appellant respectfully requests that this Court **grant review, consider the mischaracterizations of financial participation, inadequate representation, and mitigating personal circumstances, and provide appropriate relief** consistent with justice and rehabilitation objectives.

Respectfully submitted,

Krishna Gidwani

Appellant, Pro Se

54 Green St.

Canton MA. 02021

321-402-6716

**NOTICE OF APPEAL**

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

    Plaintiff,

v.               Case No. No. 1:25-CR-10277

[Krishna Gidwani ],

    Defendant.

_____/

NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that the Defendant,

Krishna Gidwani, hereby appeals to the

United States Court of Appeals for the First Circuit

from the judgment and sentence entered in this action

on Thursday December 11, 2025, including all

adverse rulings related to sentencing.

This appeal is taken pursuant to Rule 4(b) of the

Federal Rules of Appellate Procedure.

Respectfully submitted,

*[signature]*

[Krishna Gidwani]

Defendant, Pro Se

54 Green St.

Canton, MA. 02021

321-402-6716

Krishnarocks2@gmail.com

 Gmail

## appeal for Sentence decision for case 1:25-CR-10277
2 messages

**kris gidwani** <krishnarocks2@gmail.com>                                       Wed, Dec 24, 2025 at 9:08 PM
To: Anastasia_Dubrovsky@mad.uscourts.gov, g gidwani <gopegidwani@gmail.com>

📄 **appeal 125CR10277.pdf**
192K

---

**kris gidwani** <krishnarocks2@gmail.com>                                       Wed, Jan 14, 2026 at 11:58 AM
To: Ahomefaxes@gmail.com

---------- Forwarded message ----------
From: **kris gidwani** <krishnarocks2@gmail.com>
Date: Wed, Dec 24, 2025 at 9:08 PM
Subject: appeal for Sentence decision for case 1:25-CR-10277
To: <Anastasia_Dubrovsky@mad.uscourts.gov>, **g gidwani** <gopegidwani@gmail.com>

📄 **appeal 125CR10277.pdf**
192K

FIRMLY TO SEAL

PRIORITY MAIL EXPRESS
FLAT RATE ENVELOPE
POSTAGE REQUIRED

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments. Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; October 2023; All rights reserved.

 **UNITED STATES POSTAL SERVICE.**   *Retail*

**E** | US POSTAGE PAID
**$33.25** | Origin: 32746
02/25/26
1149350550-84

## PRIORITY MAIL EXPRESS®

KRISHNA GIDWANI
54 GREEN ST
CANTON MA 02021-1004
(321) 402-6716

0 Lb 2.40 Oz
**RDC 07**

SCHEDULED DELIVERY DAY: 02/26/26 06:00 PM

C079

SHIP
TO:
 MOAKLEY COURTHOUSE
APPEALS COURT
STE 2500
1 COURTHOUSE WAY
BOSTON MA 02210-3004

**USPS TRACKING® #**



9570 1158 9937 6056 1392 73

 how2recycle.info PAPER POUCH



MESTIC A
LACE MA

nteed delive
nteed delive
Tracking® s
any internat
p available.

stic shipmer
ctions apply
ture include

ack Guarantee to
ternational destin
M and IMM at pe.
e does not cover
xclusions see the
usps.com.
ack Guarantee fo

NTERNATIONALLY, A